**Salima RASSOULL,**

v.

**MAXIMUS, INC.**

**No. CIV.A. DKC2002–0214.**

United States District Court,
D. Maryland.

Sept. 23, 2002.

Lisa Merchant, Merchant and Associates LLC, Bowie, MD, for plaintiff.

Stephen E. Baril, Monica McCarroll, Williams Mullen Clark and Dobbins PC, Richmond, VA, Karen A. Doner, Williams Mullen, McLean, VA, for defendant.

**MEMORANDUM OPINION**

CHASANOW, District Judge.

Presently pending and ready for resolution in this case · brought under the Electronic Communications Privacy Act (ECPA), 18 U.S.C. §§ 2510–2520, is Plaintiff Salima Rassoull's Motion for Leave to Amend Complaint. Parties have had full opportunity to brief the issues and no hearing is deemed necessary. Local Rule 105.6. For the rea-

sons that follow, the court will deny the motion.

## I. Background

Plaintiff filed her original complaint against Defendant Maximus, her former employer, on January 22, 2002. The original complaint brought claims against Defendant solely under ECPA. Defendant filed a timely response and on March 25, 2002, this court set in place a scheduling order. That order designated May 9, 2002 as the deadline for all motions for the joinder of parties and the amendment of pleadings. Paper no. 8.

Plaintiff filed a motion seeking leave to amend her complaint on August 7, 2002.[1] Plaintiff attached the proposed amended complaint to the motion but did not submit a memorandum. In the text of the motion, Plaintiff noted that she had sought and was denied Defendant's consent to amend the complaint and now requested leave of court to amend because: "(1) Evidence has surfaced regarding the factual allegations of the complaint; (2) Plaintiff would like to join a party to the complaint;[2] and (3) In view of the evidence, plaintiff would now like to plead her complaint in separate counts." Paper no. 14. The proposed amended complaint that Plaintiff submitted added more detailed facts and allegations to Plaintiff's ECPA claim and also added three state law claims for Intentional Infliction of Emotional Distress, Wrongful Constructive Discharge, and Defamation of Character. Defendant responded in opposition on August 12, 2002 to Plaintiff's unsuccessful July 26, 2002 attempt to file her motion and again on August 15, 2002 to Plaintiff's motion of August 7, 2002. Plaintiff replied on August 23, 2002.

---

**1.** Plaintiff attempted to file the motion on July 16, 2002 and again on July 26, 2002, however both attempts failed to conform to the Local Rules and were returned.

**2.** It is noted that despite having given this reason for seeking leave to amend, Plaintiff's proposed amended complaint does not join any new parties.

**3.** Even if Plaintiff's first attempt to file on July 16, 2002 had been successful, the motion would

## II. Standard of Review

The Scheduling Order set May 9, 2002 as the deadline for all motions to join parties and amend pleadings. Plaintiff filed her motion on August 7, 2002.[3] Plaintiff's motion to amend her complaint after the deadline triggers both Fed.R.Civ.P. 15(a) governing amendments to pleadings and Fed.R.Civ.P. 16(b) governing modification to a scheduling order. The standards for satisfying the rules are at odds. Rule 15(a) states, in pertinent part, that "... leave shall be freely given when justice so requires." According to Rule 16(b) however, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge...."

Neither the Fourth Circuit nor the Supreme Court has dealt decisively with the interplay of these two rules when a motion to amend is made after the deadline set in the scheduling order has passed.[4] However, one district court in the Fourth Circuit set up a "two step" analysis:

> Once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under 15(a).

*Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W.Va.1995); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–608 (9th Cir.1992) (applying "two step" analysis to deny motion to amend for lack of good cause). This is the analysis that will be applied here.

## III. Analysis

In the present context, the Rule 16(b) analysis is less concerned with the substance of the proposed amendment. Instead, Rule

---

still have been filed after the deadline set in the Scheduling Order.

**4.** In an unpublished opinion, *Lone Star Indus., Inc.*, 19 F.3d 1429 (4th Cir.1994) (table), the Fourth Circuit refused to consider whether the district court was correct to link Rule 15(a) and 16(b) because it concluded that the amending party met both standards.

16(b)'s "good cause" standard focuses on the timeliness of the amendment and the reasons for its tardy submission. Because a court's scheduling order " 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril,' " *Potomac Electric Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 375–376 (D.Md. 1999), *quoting Gestetner v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D.Me.1985), a movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order.

■ The primary consideration of the Rule 16(b) "good cause" standard is the diligence of the movant. Lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *West Virginia Housing Dev. Fund v. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va.2001). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. *If that party was not diligent, the inquiry should end.*" *Marcum*, 163 F.R.D. at 254, *quoting Johnson*, 975 F.2d at 609.

■ In the case at hand, Plaintiff does not directly provide reasons for seeking a modification of the scheduling order. In fact, Plaintiff has so focused her efforts on moving to amend her complaint that she never addresses the issue of tardiness in the motion itself and, in response to Defendant's objection that she has failed to comply with the Scheduling Order, Plaintiff states only that she has asserted reasons for her request in her motion. However, the reasons Plaintiff provides in the motion are technically reasons for requesting leave of court to amend her complaint and not reasons for seeking a modification of the Scheduling Order; none of the reasons Plaintiff provides in the motion addresses the *timeliness* of the motion. Even if the first reason offered, that evidence has surfaced regarding the factual allegations of the complaint, is generously construed as also a reason for an extension and read to mean that evidence has surfaced *only recently*, Plaintiff provides the Court with no explanation as to why the new evidence has surfaced only recently. Did new evidence surface belatedly due to circumstances outside of Plaintiff's control, or was it due to Plaintiff's own lack of diligence and carelessness? Plaintiff submitted no memorandum in support of her motion. Furthermore, in response to Defendant's opposition, Plaintiff provided no explanations, reasons, or further information regarding the lateness of the motion beyond the perfunctory, and incorrect, assertion that reasons showing good cause had already been stated in the motion.

Plaintiff is correct in stating that it is within the district judge's discretion to determine whether good cause has been shown. However, it would behoove Plaintiff to provide the Court with *some* basis on which to judge good cause and Plaintiff has failed to do so. Indeed, Plaintiff's failure to address the timeliness of the motion for leave to amend the complaint, failure to supply any reasons for the lateness of the request (or the lateness of the surfacing of the new evidence), and even her failure to join a party despite citing joinder of a new party as a reason for requesting leave to amend the complaint, all tend to demonstrate a general lack of diligence or, at the very least, carelessness on the part of Plaintiff. In this situation, Plaintiff leaves this court with no choice but to deny her motion at this late date for lack of good cause to do otherwise.

Having found that there is no good cause for modification of the Scheduling Order, the Court does not reach the Rule 15(a) analysis.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's belated motion for leave to amend the complaint is denied pursuant to Fed.R.Civ.P. Rule 16(b).