**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1267**

---

MININA D. MONTGOMERY, Personal representative
of the estate of Philip Montgomery and
individually, as the widow of Philip
Montgomery,

                                    Plaintiff - Appellant,

         versus

ANNE ARUNDEL COUNTY, MARYLAND; P. THOMAS
SHANAHAN, Anne Arundel County Chief of Police;
THOMAS A. SUIT, Captain; JAMES RICHEY,
Lieutenant; GREGORY ESHLEMAN, Lieutenant,
#756; ROBERT M. MADISON, Sergeant, #580; FRED
REYNOLDS, Corporal, #675; JAMES R. WELLMAN,
#9695; CHARLES R. ATWELL, Officer, #854,

                                    Defendants - Appellees.

---

**No. 05-1314**

---

MININA D. MONTGOMERY, Personal representative
of the estate of Philip Montgomery and
individually, as the widow of Philip
Montgomery,

                                    Plaintiff - Appellee,

         versus

ANNE ARUNDEL COUNTY, MARYLAND; P. THOMAS
SHANAHAN, Anne Arundel County Chief of Police;
THOMAS A. SUIT, Captain; JAMES RICHEY,

Lieutenant; GREGORY ESHLEMAN, Lieutenant, #756; ROBERT M. MADISON, Sergeant, #580; FRED REYNOLDS, Corporal, #675; JAMES R. WELLMAN, #9695; CHARLES R. ATWELL, Officer, #854,

Defendants - Appellants.

————————

Appeals from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, District Judge. (CA-02-2621-MJG)

————————

Argued: March 14, 2006                    Decided: May 3, 2006

————————

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

**ARGUED:** Jeffrey Scott Larson, LAW OFFICE OF ROBERT AMMONS, Greenbelt, Maryland, for Appellant/Cross-Appellee. Hamilton F. Tyler, ANNE ARUNDEL COUNTY OFFICE OF LAW, Annapolis, Maryland; Howard Margulies, Baltimore, Maryland, for Appellees/Cross-Appellants. **ON BRIEF:** Angelo I. Castelli, Greenbelt, Maryland, for Appellant/Cross-Appellee. Linda M. Schuett, County Attorney, ANNE ARUNDEL COUNTY OFFICE OF LAW, Annapolis, Maryland, for Appellees/Cross-Appellants Anne Arundel County, Maryland, P. Thomas Shanahan, Anne Arundel County Chief of Police, Thomas A. Suit, Captain, James Richey, Lieutenant, Gregory Eshleman, Lieutenant, #756, Robert M. Madison, Sergeant, #580, Fred Reynolds, Corporal, #675, and James R. Wellman, #9695; Mark W. Howes, Annapolis, Maryland, for Appellee/Cross-Appellant Charles R. Atwell, Officer, #854.

————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Certain Anne Arundel County, Maryland, police officers mistakenly assumed that Philip Montgomery had been drinking alcohol when he was arrested for erractic driving.  The officers placed him in a holding cell to "sober up" without seeking medical assistance.  J.A. 657.  Montgomery had actually consumed antifreeze, and he died several hours later as a result.  Montgomery's widow filed this suit against the County and several individual officers, asserting claims under 42 U.S.C. § 1983, the Maryland Constitution, and Maryland tort law.  The district court dismissed all of her claims with the exception of the deliberate indifference, gross negligence, and negligence claims against arresting officer Charles Atwell.  The County remained in the suit for indemnification purposes.  After an eight-day trial, the jury rendered a verdict in favor of Atwell, and the district court entered judgment for him and the County.  The court awarded costs to Atwell but denied them to the County.  Montgomery appeals the judgment, and the County cross-appeals the denial of costs.  Finding no error, we affirm.

I.

On the afternoon of December 15, 2000, an off-duty police officer for the District of Columbia, Christopher Huxoll, observed Montgomery driving erratically on Route 4 in Anne Arundel County. Montgomery narrowly missed a sign and then struck a guardrail,

3

blowing out a rear tire. Huxoll followed Montgomery, who drove on the rim for about two miles before turning onto an exit ramp and stopping his vehicle at the top of the ramp. When Montgomery tried to back his car down the ramp, Huxoll pulled his car up against Montgomery's to prevent him from backing into oncoming traffic. Huxoll then approached Montgomery's car on foot, removed Montgomery, and placed him in handcuffs. At some point during the stop, Huxoll asked Montgomery what he had been drinking, and Montgomery responded, "antifreeze." S.J.A. 9. Huxoll did not take Montgomery's answer seriously. He thought Montgomery simply meant that he had consumed alcohol.

In the meantime, Huxoll had called 911 for assistance, and Officer Charles Atwell of the Anne Arundel County Police Department arrived about fifteen minutes later. According to Huxoll, he told Atwell upon his arrival that Montgomery had consumed antifreeze. Huxoll was not certain that Atwell heard him, however, because the traffic was noisy and the two officers were standing some distance apart. Atwell maintains that Huxoll never told him that Montgomery had consumed antifreeze.

Atwell placed Montgomery in the front seat of Atwell's cruiser and drove him to the Southern District Police Station. Montgomery cried during the twenty to twenty-five minute trip to the station; he did not say that he had consumed antifreeze. When they arrived at the station, Atwell and another officer, John

4

Gilmer, removed Montgomery from the vehicle and helped him walk to the booking area and, ultimately, to the holding cell. Atwell called Montgomery's mother later that evening, telling her that Montgomery was under arrest for driving while intoxicated. Montgomery's mother told Atwell that her son "wasn't a drinker." J.A. 667. She also told him that Montgomery was bipolar and that he had not been taking his medication for some time, but she made no suggestion that the officers should get medical attention for her son. She agreed to pick up Montgomery at the police station when the officers were ready to release him.

At approximately 10:00 p.m., Atwell returned to the police station to complete his paperwork for the evening. Atwell went to the cellblock to have Montgomery sign the tickets related to the incident. When Atwell entered Montgomery's cell, he saw that Montgomery was in obvious distress: he was "completely blue," his lips were "very, very dark blue," and he had a "very thick white mucus" in his mouth. J.A. 677. Atwell directed booking officer James Wellman to call 911 and summoned another officer who was trained as an Emergency Medical Technician. While awaiting the paramedics, the officers attempted to perform CPR on Montgomery. Despite their efforts, Montgomery was pronounced dead at the Anne Arundel Medical Center at 11:05 p.m. The medical examiner determined that Montgomery died of antifreeze consumption and that Montgomery had not consumed alcohol prior to his death. It appears

5

that Montgomery drank the antifreeze in what turned out to be a successful suicide attempt.

Atwell was ultimately charged administratively in connection with Montgomery's death in proceedings before the Anne Arundel County Police Department Hearing Board. Atwell was found guilty of neglect of duty, unsatisfactory performance, and failure to perform duties, among other charges. He was later terminated by the Chief of Police. Atwell has been challenging his termination in Maryland courts, unsuccessfully thus far. See Atwell v. Anne Arundel County Police Dept., No. 964 (Md. Ct. Spec. App. Feb. 6, 2006).

Minina Montgomery, acting as personal representative of Montgomery's estate and individually as his widow, sued the County and several individual officers, including Atwell and booking officer Wellman. Her complaint alleges claims under 42 U.S.C. § 1983, the Maryland Constitution, and Maryland tort law. Counts 16 and 17 assert negligence claims against the County:

COUNT XVI - Wrongful Death
(Negligence Imputed to Anne Arundel County, Maryland)

418. The Plaintiff incorporates the allegations contained in paragraphs 1 through 417 of the Complaint.

419. That Defendants . . . Wellman[] and Atwell[] were acting in the scope of their employment on December 15, 2000.

420. That the aforesaid Defendants were performing a ministerial act during their interaction with Montgomery.

421.  That the negligence of the above-mentioned Defendants may be imputed to Anne Arundel County under the doctrine of respondeat superior.

422.  As the direct and proximate cause of the aforesaid negligence, decedent Philip Montgomery suffered a wrongful death.

423.  As a result of the wrongful death of the decedent, Minina D. Craig, individually, has incurred medical and funeral bills and expenses, pecuniary losses, loss of services, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, and such other losses as are recognized at law.

WHEREFORE, the Plaintiff, Minina D. Craig, individually, requests judgment against . . . Booking Officer James R. Wellman[] and Officer Charles R. Atwell, in the amount of $500,000.00, plus costs and interest, which shall be satisfied by Anne Arundel County.

COUNT XVII - Survival
(Negligence Imputed to Anne Arundel County, Maryland)

424.  The Plaintiff incorporates the allegations contained in paragraphs 1 through 423 of the Complaint.

425.  That Defendants . . . Wellman[] and Atwell were acting in the scope of their employment on December 15, 2000.

426.  That the aforesaid Defendants were performing a ministerial duty during their interaction with Montgomery.

427.  The injuries to the decedent where such that decedent could have brought suit; however, no action was ever filed in his lifetime.

428.  That the decedent, Philip Montgomery, suffered excruciating pain during his period of incarceration by the Anne Arundel County Police Department on December 15, 2000.

429.  As a result of the acts of negligence of the aforesaid Defendants, the decedent suffered conscious pain and suffering prior to his death, and such other injuries as are recognized at law.

7

> WHEREFORE, the Plaintiff, Minina D. Craig, Personal Representative of the Estate of Philip Montgomery, seeks judgment against . . . Booking Officer James R. Wellman[] and Officer Charles R. Atwell in the amount of $500,000.00, plus costs and interest, which shall be satisfied by Anne Arundel County.

J.A. 100-03.

On November 27, 2002, the defendants filed a motion to dismiss. About six months later, on May 15, 2003, the district court granted the motion in part but allowed Montgomery to pursue her § 1983 and gross negligence claims against Atwell. In dismissing counts 16 and 17 in their entirety, the court incorrectly stated that Montgomery filed four counts (counts 16-19) "sounding in gross negligence against the Individual Defendants and the County" for wrongful death. J.A. 214. In fact, counts 16 and 17 asserted simple negligence and counts 18 and 19 asserted gross negligence. The court's mistake appeared to have little bearing on its dismissal of counts 16 and 17, however. In dismissing these counts, the court declared that the "County, an arm of the State, is immune to suit for the tort of gross negligence." J.A. 217.

On the same day, May 15, 2003, the court issued a scheduling order that set a deadline of June 30, 2003, for motions to amend the pleadings. The defendants filed their answers on May 27. On July 1 Montgomery filed a motion to reinstate counts 16 and 17 of the complaint against the County, specifically stating that the counts were grounded in negligence, not gross negligence, and that they were based upon the Maryland Local Government Tort Claims

Act (LGTCA), Md. Code Ann., Cts & Jud. Proc. § 5-301 et seq. On August 15, 2003, the court denied the motion, again based on sovereign immunity. The court observed that the LGTCA "requires the local government to defend and indemnify an employee[, but it] does not authorize a direct action against the local government." J.A. 234.

Several weeks later, on September 10, Montgomery filed a motion for leave to amend counts 16 and 17 by removing all references to the County. On October 27 the court ruled that it would permit Montgomery to amend the complaint as to Atwell, but not as to the other defendants (including Wellman), provided that the Atwell amendment was filed by November 10. Montgomery apparently did not understand the court's October 27 order and asked for clarification. On November 14 the court issued an order explaining the rationale for its decision and giving Montgomery "one final chance" to file the necessary amendment "and proceed on a negligence claim" with respect to Atwell. J.A. 285. Montgomery filed the amendment on November 26.

In January 2005 an eight-day jury trial was held on Montgomery's deliberate indifference, gross negligence, and negligence claims against Atwell. On January 27 the jury returned a verdict for Atwell on all counts. On January 31, 2005, the court entered judgment for Atwell and for the County; costs were awarded to Atwell, but not to the County. In dealing with costs, the court

9

determined that the situation concerning the County was "different" because of the "vast difference in [its] financial resources vis-a-vis [Montgomery's]" and because the County bore some responsibility for lengthening the litigation. J.A. 831. Montgomery appeals, contending that the district court erred in dismissing the claims against Wellman, refusing to allow an amended complaint against Wellman, and allowing Atwell to "point the finger" at Wellman and other officers at trial. The County cross-appeals the court's denial of its costs.

## II.

Montgomery argues that the district court erred in dismissing two sets of claims against Wellman: counts based on deliberate indifference to Montgomery's serious medical needs (under § 1983 and the Maryland Constitution) and negligence. The court correctly dismissed the deliberate indifference counts against Wellman because the complaint made no allegation that Wellman had any reason to believe that Montgomery was anything but drunk. Absent such an allegation, Montgomery could not succeed on a deliberate indifference theory against Wellman. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (explaining that an official cannot be found liable for deliberate indifference unless he is aware of facts from which the inference could be drawn that a substantial risk of serious harm exists). We therefore affirm the

10

dismissal of the counts against Wellman based on deliberate indifference to Montgomery's serious medical needs.

Montgomery's argument that the district court erred in dismissing the negligence claims (counts 16 and 17) against Wellman is also without merit. Counts 16 and 17 asserted claims against the County, not Wellman. Although the court mischaracterized these counts as sounding in gross negligence rather than simple negligence, this mischaracterization apparently had no bearing on its reasoning. In dismissing these counts, the court correctly reasoned that the "County, an arm of the State, is immune to suit for the tort of gross negligence." J.A. 217. The principles of sovereign immunity that barred Montgomery's suit against the County based on gross negligence likewise bar suit against the County based on simple negligence. The district court therefore committed no legal error in dismissing these counts.

Montgomery further argues that the district court erred in construing the language of these counts as stating a claim against the County. Focusing on language in counts 16 and 17 that requests judgment against individual officers, Montgomery argues that the counts actually state claims against individual officers, not the County. This argument is inconsistent with Montgomery's subsequent motion to amend in which Montgomery sought to remove all references to Anne Arundel County in the complaint and acknowledged that "[t]hese amendments will remove Anne Arundel County's defense

11

of governmental immunity in that Plaintiff is <u>no longer</u> proceeding in counts XVI and XVII against Anne Arundel County in any manner whatsoever." J.A. 239 (emphasis added). This statement essentially concedes that counts 16 and 17 pled negligence against the county in the first instance. We therefore reject Montgomery's strained, after-the-fact effort to reinterpret counts 16 and 17.

### III.

Montgomery next argues that the district court abused its discretion by refusing to grant her leave to amend the complaint as to Wellman. Because Montgomery filed her motion to amend the complaint after the deadline set by the scheduling order for amending pleadings, Federal Rule of Civil Procedure 16(b) applies. Under Rule 16(b) a motion to amend a complaint filed after a scheduling order deadline shall be granted only upon a showing of "good cause." <u>Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.</u>, 262 F. Supp. 2d 618, 632 (D. Md. 2003). Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party. <u>Id.</u> at 631-32.

There is no good reason for Montgomery's tardy submission of the motion to amend. Even if Montgomery's counsel initially understood counts 16 and 17 as pleading negligence claims against Wellman individually, the court's May 15, 2003, order put them on

12

notice that, in the court's view, the complaint did not state negligence claims against individual defendants. Counsel nevertheless made no effort to amend the complaint until July 1, more than one month after the defendants filed their answer to the complaint and a day after the scheduling order's deadline for motions to amend the pleadings. The court's subsequent August 15 order denying Montgomery's motion to reinstate counts 16 and 17 further alerted counsel that the counts did not properly state negligence claims against individual officers. At that point in the litigation, it should have been clear to Montgomery's counsel, who presumably understood basic principles of governmental immunity under Maryland law, that Montgomery could have recovered for Wellman's alleged negligence only by stating a negligence claim against Wellman individually, not against the County. See Martino v. Bell, 40 F. Supp. 2d 719, 722-23 (D. Md. 1999). Nevertheless, counsel waited several weeks, until September 10, to file the motion to amend. In light of this delay, the district court was correct to find no "good cause" to allow Montgomery leave to amend the complaint.

IV.

Montgomery finally argues that the district court abused its discretion by allowing Atwell to "point the finger" at Wellman and other officers during trial. See Appellant's Br. at 49. There

13

is no clear basis spelled out in Montgomery's briefs for this argument. Montgomery broadly contends that the district court made erroneous evidentiary rulings but cites to no specific ruling. Even if Montgomery could cite a specific ruling, however, she cannot show that any of Atwell's arguments at trial were unfairly prejudicial to Montgomery. The district court allowed Montgomery to introduce into evidence the County Hearing Board's determination that Atwell had neglected his duties. In response to this compelling evidence of Atwell's negligence, Atwell justifiably sought to establish that he had been singled out for discipline by the County and that the other officers who participated in the arrest also determined that Montgomery was not in need of medical treatment. Furthermore, Atwell argued more than once that he was not "blaming" Wellman or anyone else. J.A. 531-32, 819. Montgomery has not shown that she was unfairly prejudiced by Atwell's arguments at trial.[*]

V.

Because we are sustaining the district court in its rulings, we need not address Montgomery's argument that the case

---

[*]On cross-appeal the County challenges the district court's denial of its costs as a prevailing party. The court's alternative reason for denying costs to the County -- that the County bears some responsibility for prolonging the case -- is sufficient for us to conclude that the court acted within its discretion. Accordingly, we affirm on this issue.

14

should be remanded with instructions that it be assigned to a different district judge.

The judgment of the district court is

AFFIRMED.