UNITED STATES of America, Plaintiff,

v.

Jerry Brian GODWIN, Defendant.

No. 5:06–CV–221–D.

United States District Court,
E.D. North Carolina,
Western Division.

Nov. 29, 2007.

See also 446 F.Supp. 425

**504**

S. Katherine Burnette, U.S. Attorney's Office, Raleigh, NC, for Plaintiff.

Joseph E. Zeszotarski, Jr., Poyner & Spruill, Raleigh, NC, for Defendant.

## ORDER

JAMES C. DEVER III, District Judge.

The United States ("government" or "plaintiff") initiated this fraudulent conveyance action against Jerry Brian Godwin ("Mr. Godwin" or "defendant") concerning an April 10, 2001 transfer of real estate received from defendant's wife, Deborah Lynn Godwin ("Mrs. Godwin"). Before the transfer, the Godwins held the real property as tenants by the entirety. Mrs. Godwin transferred her interest in the real property to her husband on April 10, 2001, one month after being ordered to pay over $105,000 in restitution due to her criminal conviction for embezzlement from the bank where she worked. On January 21, 2007, this court granted plaintiff's motion for partial summary judgment on liability.

On July 16, 2007, the government filed a motion to amend its complaint to add two tracts of real property that Mrs. Godwin also transferred on April 10, 2001. The property in these two tracts has the same address as the tract referenced in the original complaint. Defendant responded in opposition. On November 29, 2007, the court heard oral argument. As explained below, the motion to amend is denied.

### I.

In its original complaint, the government described the real property involved in the transfer as "18.245 acres of real property located at 2550 North Carolina Highway 39 in Selma, North Carolina." Compl. ¶ 7. During Mr. Godwin's deposition on June 29, 2007, the government learned that there were two other deeds by which Mrs. Godwin transferred her interest in real property located at 2550 North Carolina Highway 39 in Selma, North Carolina, to Mr. Godwin on April 10, 2001. Thus, it became apparent that the government's original complaint did not reference all the real property at 2550 North Carolina Highway 39 that Mrs. Godwin had transferred on April 10, 2001, even though the addresses of the properties were the same. The government seeks to amend the complaint under Federal Rule of Civil Procedure 15 to include all the real property located at 2550 North Carolina Highway 39 in Selma, North Carolina. *See* Proposed Am. Compl. ¶ 7. Defendant opposes the motion and contends that the amendment is futile and contravenes the six-year statute of limitations period for fraudulent conveyances.

In making this argument, defendant notes that an action for fraudulent conveyance under 28 U.S.C. § 3301 et seq. is governed by the statute of limitations provision in 28 U.S.C. § 3306(b). Section 3306(b) states:

Limitation. A claim for relief with respect to a fraudulent transfer or obligation under this subchapter is extinguished unless action is brought—

(1) under section 3304(b)(1)(A) within 6 years after the transfer was made or the obligation was incurred or, if later, within 2 years after the transfer or obligation was or could reasonably have been discovered by the claimant;

(2) under subsection (a)(1) or (b)(1)(B) of section 3304 within 6 years after the trans-

fer was made or the obligation was incurred; or

(3) under section 3304(a)(2) within 2 years after the transfer was made or the obligation was incurred.

28 U.S.C. § 3306(b). Citing the six-year statute of limitations, defendant argues that the period in which to file additional fraudulent conveyance claims expired on April 10, 2007. *See id.* Moreover, defendant argues that the motion to amend should not relate back.

## II.

The parties' memoranda focus on Federal Rule of Civil Procedure 15. After a responsive pleading has been filed, a party may amend its pleading only by leave of court. *See* Fed.R.Civ.P. 15(a). Rule 15 states that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Rule 15 also states that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." Fed.R.Civ.P. 15(c)(2).

■ However, under Rule 16(b), where the court has previously issued a scheduling order, the moving party must establish good cause and seek leave of the district judge to amend the order. *See* Fed.R.Civ.P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."). A motion to amend a pleading filed after the deadline for the amendment of pleadings in a scheduling order has passed becomes, "in effect, a motion to amend the Scheduling Order." *Waldron v. Interactive Bus. Sys., Inc.*, 1999 WL 33455148, at *2 (E.D.N.C. Oct.4, 1999) (unpublished). The court issued a scheduling order on April 6, 2007. It states, "motions to join additional parties and to amend pleadings must be made promptly after the information giving rise to the motion becomes known to the party or counsel. Any such motion filed after May 31, 2007, must meet the standards of Fed.R.Civ.P. 15 and 16." *United States v. Godwin*, No. 5:06–CV–221–

D (E.D.N.C. Apr. 6, 2007) (scheduling order), at 2 [hereinafter "Scheduling Order"]. Upon the parties' requests, the court amended the scheduling order on July 31, 2007, and October 22, 2007, to extend the deadline for filing dispositive motions; however, the court's amendments did not alter the May 31, 2007 deadline concerning amended pleadings.

The United States Supreme Court has not addressed whether a motion to amend the complaint filed after a scheduling order's deadline for the amendment of pleadings should be analyzed under Rule 15(a), Rule 16(b), or both. Likewise, the Fourth Circuit has not addressed this issue in a published opinion. The circuit courts that have addressed which standard to apply have generally held that Rule 16(b)'s "good cause" standard, rather than Rule 15(a)'s "freely given" standard, should govern motions to amend filed after scheduling order deadlines. *See, e.g., O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154–55 (1st Cir.2004) (citing cases from the Second, Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits). The Fourth Circuit's unpublished opinions are inconsistent. *Cf. Vercon Const., Inc. v. Highland Mortg. Co.*, 187 Fed.Appx. 264, 265 (4th Cir.2006) (per curiam) ("[W]hen granting leave to amend . . . would require modifying the district court's scheduling order, Federal Rule of Civil Procedure 16(b) requires that the movant must first show good cause."); *Wall v. Fruehauf Trailer Servs., Inc.*, 123 Fed.Appx. 572, 576–78 (4th Cir.2005) ("Here, the District Court properly exercised its discretion in determining that good cause existed to permit Wall to amend his complaint, pursuant to Federal Rules of Civil Procedure 16(b) and 15(a)."); *Naden v. Saga Software, Inc.*, 11 Fed.Appx. 381, 383–84 (4th Cir.2001) (per curiam) (not "expressing any view regarding whether the 'good cause' standard of Rule 16(b) applies when a plaintiff fails to submit his motion to amend prior to the deadline in the district court's scheduling order . . . ."); *Essential Housing Mgt., Inc. v. Walker*, 1998 WL 559349, at *4 (4th Cir. June 9, 1998) (per curiam) (court deciding a motion to amend and motion to add a compulsory counterclaim "must apply both the Rule 16(b) analysis and the 13(f) analysis before allowing the amendment"); *In re*

*Lone Star Indus., Inc. Concrete R.R. Cross Ties Litig.*, 1994 WL 118475, at \*11 (4th Cir. Apr.7, 1994) (not considering whether the district court was correct to use Rule 16(b) and Rule 15(a) because amending party satisfied both rules); *James River–Norwalk, Inc. v. Burch Roofing Co., Inc.*, 1989 WL 141656, at \*2 (4th Cir. Nov.16, 1989) (per curiam) (considerations of Rule 16(b) are not relevant to the analysis of a motion for leave to amend after the date specified in a scheduling order).

■ Despite the lack of clarity from the Fourth Circuit, most district courts within the Fourth Circuit that have addressed this issue have adopted a two-part test whereby an amendment to the pleadings must satisfy the requirements of both Rule 16(b) and Rule 15(a), in that order. *See, e.g., Ward v. Beaufort County Det. Ctr.*, 2006 WL 2927439, at \*2 (D.S.C. Sept.8, 2006); *DeWitt v. Hutchins*, 309 F.Supp.2d 743, 748 (M.D.N.C.2004); *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F.Supp.2d 618, 631 (D.Md.2003); *Waldron*, 1999 WL 33455148, at \*2; *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W.Va. 1995). *But see Arbaugh v. Bd. of Ed.*, 329 F.Supp.2d 762, 767 (N.D.W.Va.2004). Under the two-part test, the court initially examines "good cause" under Rule 16. If the moving party demonstrates that "good cause" exists, the court then analyzes the motion to amend under Rule 15.

In adopting the language in the court's scheduling order, this court was aware of the foregoing precedent. The scheduling order notified the parties that any motion to amend the pleadings "filed after May 31, 2007, must meet the standards of Fed.R.Civ.P. 15 and 16." Scheduling Order 2. Thus, in reviewing plaintiff's motion to amend filed on July 16, 2007, the court applies this two-part analysis and initially analyzes "good cause" under Rule 16. If plaintiff establishes "good cause," the court will then analyze the motion to amend under Rule 15.

### III.

■ Under Rule 16(b), an amendment to a scheduling order requires a showing of "good cause" and leave of court. *See* Fed.R.Civ.P. 16(b). District courts within the Fourth Circuit have found that " '[g]ood cause' under Rule 16(b) exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, 218 F.R.D. 455, 460 (M.D.N.C.2003) (quotation omitted). The " 'good cause' standard focuses on the timeliness of the amendment and the reasons for its tardy submission." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D.Md.2002). In seeking leave to amend, the "movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order." *Id.*

### A.

In this case, the government's original complaint alleges that the Godwins held 18.245 acres, more or less, of real property located at 2550 North Carolina Highway 39 as tenants by the entirety. Compl. ¶ 7. The complaint refers to this property as the "subject property." *Id.* The government attached one North Carolina General Warranty Deed[1] to the complaint recording the Godwins' receipt of this property on December 23, 1993. *See id.* at Ex. B. The complaint alleges that on April 10, 2001, Mrs. Godwin transferred all of her interest in the subject property to Mr. Godwin. *Id.* ¶ 8. The government attached a North Carolina General Warranty Deed[2] to the complaint recording Mrs. Godwin's transfer of her interest in the subject property to Mr. Godwin. *See id.* at Ex. C. The property was titled solely in Mr. Godwin's name and recorded in the Johnston County Register of Deeds. *Id.* The complaint further alleges the remaining elements of a fraudulent conveyance claim: (1) that property was conveyed for less than reasonably equivalent value, *id.* ¶ 9; (2) that Mrs. Godwin was insolvent at the time of the transfer, or that the transfer caused her to become insolvent, *id.* ¶ 10; and (3) that the transfer was made to hinder, delay, or de-

1. The deed is located at book 1355, page 632 in the Register of Deeds for Johnston County, North Carolina. *See* Compl. Ex. B.

2. The deed is located at book 2044, page 735 in the Register of Deeds for Johnston County, North Carolina. *See* Compl. Ex. C.

fraud the United States, *id.* ¶ 10[sic]. The amended complaint alleges the same information, *see* Proposed Am. Compl. ¶¶ 7–10, except that it states Mrs. Godwin executed three deeds (instead of one) on April 10, 2001, transferring "all of her interest in the property at 2250 North Carolina Highway 39." *Id.* ¶ 7.

The government's problem is that its original complaint references just one deed (instead of three), representing property acquired on a specific date and of a certain acreage. *See* Compl. ¶ 7, Ex. B. During Mr. Godwin's deposition on June 29, 2007, the government learned that there were two other deeds in which Mrs. Godwin transferred her interest in real property located at 2550 North Carolina Highway 39 in Selma, North Carolina, to Mr. Godwin, on April 10, 2001. The conveyances the government seeks to add involve property initially deeded to the Godwins in 1974[3] and 1983,[4] not in 1993. *See* Def.'s Mem. in Opp'n to Mot. to Am. Ex. B. Complicating the matter is a government appraisal performed in June 2007 that determined the property referenced in the deed attached to the government's original complaint consists of approximately 16 acres, not the 18.245 acres described in the deed originally attached to the complaint. *Id.* at Ex. A. The conveyances the government seeks to add involve deeds representing 0.7856 acres[5] and 0.94 acres.[6] *Id.* at Ex. B. The total acreage in the amended complaint is now estimated at 17.7256 acres, which is less than the 18.245 initially alleged.

At least one prior government brief suggests that the government believed the deed describing 18,245 acres represented the Godwins' entire interest in real property located at 2550 North Carolina Highway 39. Specifically, the government stated in its reply brief

to its motion for summary judgment that based on tax records, "[t]here appears to be three tracts that make up the 18.245 acres more or less—15.970 acres ..., .940 acres ..., and .79 acres ... [, for a value] totaling $184,230.00." *See* Gov't Reply to Mot. for Summ. J. 2 n. 3. In his brief opposing the government's motion for summary judgment, defendant described the subject property at issue as Mrs. Godwin's "interest in a certain parcel of real property" represented by "a deed executed by [Mrs. Godwin] in April 2001." *See* Def.'s Mem. in Opp'n to Mot. for Summ. J. 1 (emphasis added). Defendant also described the subject property as undeveloped farmland that Mr. Godwin partially inherited and partially purchased from his siblings following his father's death in 1993.[7] *Id.* at 2. In his deposition, Mr. Godwin described different lots, but did not contend that certain parcels were or were not in dispute. *See* Def.'s Mem. in Opp'n to Mot. to Am. Ex. C. Less than three weeks after discovering its failure to include the two additional deeds, the government filed its motion to amend the pleadings on July 16, 2007. Obviously, the motion to amend was filed after May 31, 2007, and had to meet the requirements of Rule 16 and Rule 15. *See* Scheduling Order 2. Although this court's scheduling order is clear, the government's motion to amend and defendant's response did not address Rule 16.

### B.

■ Under Rule 16(b), the "good cause" inquiry focuses on whether evidence supporting the government's proposed amendment— here, the two additional deeds—would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed. *See Interstate Narrow*

---

3. The deed is located at book 765, page 84 in the Register of Deeds for Johnston County, North Carolina. *See* Def.'s Mem. in Opp'n to Mot. to Am. Ex. B.

4. The deed is located at book 930, page 43 in the Register of Deeds for Johnston County, North Carolina. *See* Def.'s Mem. in Opp'n to Mot. to Am. Ex. B.

5. The deed is located at book 2044, page 737 in the Register of Deeds for Johnston County, North Carolina. *See* Def.'s Mem. in Opp'n to Mot. to Am. Ex. B.

6. The deed is located at book 2044, page 733 in the Register of Deeds for Johnston County, North Carolina. *See* Def.'s Mem. in Opp'n to Mot. to Am. Ex. B.

7. This description matches the grantor/grantee information in the deed attached to the government's original complaint. The property in the other two deeds was received by the Godwins directly from Mr. Godwin's parents as a gift. *See* Def.'s Mem. in Opp'n to Mot. to Am. Ex. B.

*Fabrics,* 218 F.R.D. at 460; *see also* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1522.1 (2d ed.1990) ("[Good cause] would require the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."). In *Kenton v. Foster,* 2006 WL 3051981, at *1 (D.Ariz. Oct.25, 2006), the court found that a plaintiff's apparent failure to conduct a real property title search in an action seeking specific performance did not constitute the diligence required by Rule 16(b). *Cf. Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607–08 (9th Cir.1992) ("[C]arelessness is not compatible with a finding of diligence [for Rule 16(b) purposes] and offers no reason for a grant of relief"). In determining whether the defendant still owned the real property at issue, the court concluded that discovery from the defendant was not necessary to the plaintiff's ability to learn of the deeds underlying his proposed quiet title claim amendment. *Kenton,* 2006 WL 3051981, at *1. That information was readily available and easily discoverable before the scheduling order's pleading amendment deadline to anyone performing an internet search of the county's records. *Id.*

■ Of course, the court recognizes that the failure to locate public records does not necessarily indicate a lack of reasonable diligence. For example, in *City of Grass Valley v. Newmont Mining Corp.,* 2007 WL 1395312, at *1-*4 (E.D.Cal. May 10, 2007), the court found good cause where the plaintiff failed to ascertain the relationship between the defendant and a related entity through public record searches before the close of discovery. The defendant argued that because it was a publicly traded company, a public records search would have unveiled other related entities. *Id.* at *2. However, the court found that the plaintiff acted diligently in light of extensive document discovery and the complexity of the defendant's corporate structure. *Id.* Moreover, the plaintiff had hired a public record search firm where at least two specialists conducted public records searches but failed to determine the relationship between the related entities due to missing documents in the record. *Id.* at *3. Thus, the court concluded that the plaintiff's counsel "acted as a reasonable attorney would have acted in pursuing information in a similar situation" and met the diligence standard required for "good cause." *Id.; see White v. Sabatino,* 2007 WL 842071, at *3 (D.Haw. Mar.16, 2007).

■ In this case, the government conceded at oral argument that a search of the Johnston County Register of Deeds by defendant's last name (either on-line or in person) likely would have revealed the existence of the two additional deeds. In an action involving real property, it is reasonable to expect a party to ascertain the exact description of property involved through a deed or title search. Moreover, tax records alerted the government that three different parcels of real property existed at 2550 North Carolina Highway 39. *See* Gov't Reply to Mot. for Summ. J. 2 n. 3; Def.'s Mem. in Opp'n to Mot. to Am. 10 & n. 5. The government fails to adequately explain why it did not discover the additional deeds before the scheduling order's deadline expired or present evidence showing that it was otherwise precluded from obtaining the public records. Thus, the government fails to show that the scheduling order's deadline for the amendment of pleadings cannot be reasonably met despite its diligence. *See Interstate Narrow Fabrics,* 218 F.R.D. at 460. Because the government fails to show "good cause," the government's motion to amend the complaint is denied under Rule 16(b). *See id.; Rassoull,* 209 F.R.D. at 374. Finding a lack of "good cause" as required by Rule 16(b), the court need not analyze the government's motion under Rule 15.[8]

## IV.

For the reasons explained above, plaintiff's motion to amend the complaint is DENIED. SO ORDERED.

---

8. At oral argument, the government cited *Combs v. Combs,* 273 N.C. 462, 160 S.E.2d 308 (1968). The court has reviewed *Combs* and concludes that it does not alter this court's analysis under Rule 16.