**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-6937

ANTHONY ALEXANDER PITTMAN, a/k/a
Anthony Alexander Pittman, Sr.,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, District Judge.
(CR-94-290-6, CA-97-524-6)

Argued: January 27, 2000

Decided: March 24, 2000

Before WILKINSON, Chief Judge, and
WIDENER and TRAXLER, Circuit Judges.

_____

Affirmed by published opinion. Chief Judge Wilkinson wrote the
opinion, in which Judge Widener and Judge Traxler joined.

_____

**COUNSEL**

**ARGUED:** Tamer Ali Soliman, Neal Lawrence Walters, Appellate
Litigation Clinic, UNIVERSITY OF VIRGINIA SCHOOL OF LAW,
Charlottesville, Virginia, for Appellant. Michael Francis Joseph,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee. **ON BRIEF:** Walter C. Holton, Jr., United States Attorney,

Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

**OPINION**

WILKINSON, Chief Judge:

Appellant Anthony Pittman filed a timely motion to vacate or modify his criminal sentence pursuant to 28 U.S.C.§ 2255. He later filed a motion to amend raising two additional grounds for relief. The district court denied the motion to amend finding that the additional claims were barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, § 105, 110 Stat. 1214, 1220 (amending 28 U.S.C. § 2255). Pittman argues that the district court erred in denying his motion to amend because the amendments related back to his original § 2255 motion. We hold, however, that the district court properly exercised its discretion when it denied Pittman's motion to amend. We thus affirm the judgment.

I.

Pittman was indicted for conspiracy to possess with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) & 846. Pittman pleaded guilty to the conspiracy charge, but then failed to appear at his original sentencing hearing. On November 9, 1995, he was sentenced to 186 months imprisonment, which included an enhancement for obstruction of justice for failing to appear. No direct appeal of the conviction or sentence was filed.

Pittman's conviction became final before the enactment of the AEDPA. Pittman thus had until April 23, 1997, to file a motion under § 2255. See Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). On April 23, 1997, Pittman filed a timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Supp. III 1997).**1**

_____

**1** Pittman initially filed his§ 2255 motion on March 24, 1997, but on April 15, 1997, the district court dismissed the motion without prejudice

2

Pittman claimed that (1) the district court lacked jurisdiction to impose an enhanced sentence on the basis of prior convictions; (2) the enhancement for a prior conviction was improper; and (3) the government had not established by a preponderance of the evidence that the drugs at issue were crack cocaine.

On June 26, 1997, before the government had filed any responsive pleading, Pittman filed a motion to amend that raised two new grounds for relief: (1) the enhancement for obstruction of justice was improper; and (2) the failure of his counsel to file a requested appeal resulted in ineffective assistance. On February 4, 1998, the magistrate judge recommended that Pittman's original § 2255 motion be denied because the three original claims were barred from collateral review and further were without merit. The magistrate further recommended that the motion to amend be denied because the new claims were frivolous and barred by the one-year statute of limitations and therefore amendment would be futile. The district court adopted the magistrate judge's recommendation to deny both of Pittman's motions. Pittman now appeals the denial of his motion to amend.

II.

A.

We review the denial of a motion to amend a pleading for abuse of discretion. See Sandcrest Outpatient Servs. v. Cumberland County Hosp. Sys., 853 F.2d 1139, 1140 (4th Cir. 1988). This standard of review mandates a significant measure of appellate deference to the judgment calls of trial courts. See General Elec. Co. v. Joiner, 522 U.S. 136, 143 (1997).

Rule 12 of the Rules Governing Section 2255 Proceedings states, "If no procedure is specifically prescribed by these rules, the district

_____

for failure to file in the proper format and allowed Pittman thirty days to correct the defect and re-file his § 2255 motion. This thirty-day extension would have allowed Pittman to file after AEDPA's statute of limitations had run. Because Pittman filed his motion before the statute of limitations ran, we do not consider whether the district court had the authority to extend AEDPA's statute of limitations.

3

court may proceed in any lawful manner not inconsistent with these rules . . . and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate." The Rules Governing Section 2255 do not specify a procedure for amending motions. Therefore courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion. See Rogers v. United States, 180 F.3d 349, 352 n.3 (1st Cir. 1999); see also United States v. Duffus, 174 F.3d 333, 336 (3d Cir.), cert. denied, 120 S. Ct. 163 (1999).

Rule 15(a) provides, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962); Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980); see also Perkins v. Silverstein, 939 F.2d 463, 471-72 (7th Cir. 1991) (plaintiff's right to amend as a matter of course is not absolute). Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied. See, e.g., Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991); accord Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances. Relation back is permitted when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Fed. R. Civ. P. 15(c)(2).**2** Courts have applied Rule 15(c) and have denied leave to amend in contexts similar to this one. In United States v. Craycraft, a defendant filed a timely § 2255 motion alleging ineffective assistance of counsel for failure to pursue a downward departure and for failure to object to the type of drugs at issue. 167 F.3d 451, 456-57 (8th Cir. 1999). In his proposed

_____

**2** The other circumstances for relation back in Rule 15(c) are not applicable to this case.

4

amendment, the defendant sought to add a claim that his counsel failed to file an appeal as instructed. The Eighth Circuit found that the proposed amendment did not relate back and therefore was time-barred. Id. at 457. In United States v. Duffus, a defendant asserted several ineffective assistance of counsel claims in his original motion, and the amended claim alleged his counsel failed to move to suppress evidence. 174 F.3d at 335. The Third Circuit found that the amended claim was completely new, and thus "could not be deemed timely under the `relation back' provisions of Fed. R. Civ. P. 15(c)." Id. at 337.

B.

We proceed to apply the above principles to this case. Pittman timely filed his original § 2255 motion. Yet Pittman's motion to amend was not filed until several months after AEDPA's statute of limitations had run. Pittman now argues that the claims raised in his motion to amend arise out of the same conduct, transaction, or occurrence set forth in the original pleading and therefore relate back to the original motion.

We disagree. Pittman's initial § 2255 motion alleged that (1) the district court lacked jurisdiction to impose an enhanced sentence on the basis of prior convictions; (2) the enhancement for a prior conviction was improper; and (3) the government had not established by a preponderance of the evidence that the drugs at issue were crack cocaine. Pittman's motion to amend raised two additional claims: (1) the failure to file a requested appeal resulted in ineffective assistance of counsel; and (2) the enhancement for obstruction of justice, which was imposed for Pittman's failure to appear at sentencing, was improper.

These new claims do not relate back to his original claims because they arise from separate occurrences of "both time and type." Craycraft, 167 F.3d at 457. Pittman's ineffective assistance claim relates neither to the sentencing enhancement claims nor to the lack of jurisdiction claim. The failure to file an appeal occurred after the sentencing hearing where the court imposed the enhancements. The ineffective assistance of counsel claim also arises out of different conduct and transactions from Pittman's first motion, which challenged

5

the district court's jurisdiction and the imposition of an enhanced sentence. Pittman's ineffective assistance of counsel claim is completely new and thus cannot relate back to his original pleading. See id. (reaching the same result under very similar facts).

Pittman also seeks to add a claim that the enhancement for obstruction of justice was improper. While this claim has the same form as the original claims for improper enhancement, it arises out of wholly different conduct. The obstruction of justice enhancement was for Pittman's failure to appear at his original sentencing hearing. The other enhancements arose from a prior conviction for dealing cocaine and the determination that the drugs at issue in this conviction were crack cocaine. The failure to appear at sentencing occurred at an altogether different time and is of an entirely different character than the other enhancements. The challenge to the obstruction of justice enhancement therefore does not relate back to the original § 2255 motion.

Pittman argues that his motion to amend should relate back to the original § 2255 motion because the "occurrence" for purposes of Rule 15(c) should be the entire trial and sentencing proceeding. For this proposition Pittman relies on a single district court case that held without analysis that an untimely amendment related back because "both petitions allege constitutional defects surrounding the same `occurrence' -- petitioner's trial and penalty phases." Williams v. Vaughn, 3 F. Supp. 2d 567, 570 (E.D. Pa. 1998). Yet this holding views "occurrence" at too high a level of generality. The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). If we were to craft such a rule, it would mean that amendments to a § 2255 motion would almost invariably be allowed even after the statute of limitations had expired, because most § 2255 claims arise from a criminal defendant's underlying conviction and sentence. Such a broad view of "relation back" would undermine the limitations period set by Congress in the AEDPA. See Duffus, 174 F.3d at 337 (granting an untimely and unrelated amendment "would have frustrated the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final").

Moreover, Pittman was aware of the deficiencies alleged in his motion to amend even at the time of his initial motion. He knew that

6

no appeal had been filed on his behalf. Further, the presentence report, which Pittman admits was available to him, recommended an enhancement for obstruction of justice. The claims in Pittman's motion to amend were not overly technical and he could have easily included them in his original § 2255 motion.

III.

Pittman filed a timely motion for relief under § 2255. His amended motion, however, was filed after AEDPA's statute of limitations had run. Because the amended claims do not relate back to the original motion, they are barred by the statute of limitations and therefore futile. Under these circumstances, the district court did not abuse its discretion when it denied Pittman's motion to amend. We thus affirm the judgment.

AFFIRMED

7