UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 99-7620

BILLY THOMAS STRICKLAND,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-98-31, CA-99-146-7-F)

Submitted: June 9, 2000

Decided: June 28, 2000

Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.

_____

Dismissed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Billy Thomas Strickland, Appellant Pro Se. Robert Edward Skiver,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Billy Thomas Strickland pled guilty to aiding and abetting an armed robbery. His plea agreement included a waiver of appellate rights, and he did not appeal. Instead, he filed a motion for post conviction relief pursuant to 28 U.S.C.A. § 2255 (West Supp. 2000), which the district court denied. In this appeal, Strickland alleges his trial attorney provided ineffective assistance in three respects. We deny a certificate of appealability and dismiss this appeal as to two of these claims; as to the remaining claim, we grant a certificate of appealability, vacate the district court's opinion, and remand for further proceedings.

In his § 2255 application, Strickland alleged his attorney was ineffective in failing to note an appeal. The district court denied relief on this claim, finding that Strickland's waiver would have rendered an appeal futile; thus, the failure to appeal caused no prejudice. An attorney's failure to note a requested appeal is presumptively prejudicial, however. See Roe v. Flores-Ortega, 120 S. Ct. 1029, 1038-39 (2000); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Thus to prevail on an ineffective assistance claim for failing to note an appeal, a defendant need not "demonstrate that his hypothetical appeal might have had merit," but rather only that "but for counsel's deficient conduct, he would have appealed." Roe, 120 S. Ct. at 1040. Moreover, the record contains conflicting allegations about whether Strickland asked his attorney to file an appeal. Accordingly, as to this issue, we grant a certificate of appealability, vacate the district court's order, and remand for further proceedings.

Before the Government answered his original § 2255 motion, Strickland filed a supplement alleging his attorney was ineffective in failing to challenge the district court's restitution order, as Strickland lacked the means to pay the amount specified. Restitution was mandatory in this case, however, and the amount was prescribed by statute. See 18 U.S.C.A. § 3663A (West Supp. 1999); see also United States v. Dawkins, 202 F.3d 711, 715-16 (4th Cir. 2000) (discussing § 3663A's requirement that courts order restitution without regard to ability to pay), cert. denied, ___ U.S. ___, 2000 WL 420003 (U.S.

2

May 15, 2000) (No. 99-9011). Thus, a challenge to the restitution order would have availed Strickland nothing. We therefore deny a certificate of appealability and dismiss Strickland's appeal as to this portion of the district court's order. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

After the Government filed its answer but before the court reached a decision, Strickland moved to amend his petition to add an allegation that his waiver of appellate rights was involuntary because his attorney provided incorrect advice about the effects of the waiver. The district court refused to consider this claim, in part because the amendment was barred by § 2255's one-year statute of limitations. We agree with this conclusion, and we therefore deny a certificate of appealability and dismiss the appeal as to this claim. See United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000).

In sum, we deny a certificate of appealability and dismiss the appeal as to Strickland's claims concerning the restitution order and the waiver of appellate rights; we grant a certificate of appealability, vacate the district court's order and remand for further proceedings in regard to Strickland's attorney's alleged failure to note an appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
VACATED AND REMANDED IN PART