**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.                                              No. 02-6273

JERRY JEFFERSON SEXTON,
                *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-97-9, CA-00-578-7)

Submitted: November 5, 2002

Decided: February 28, 2003

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed in part and vacated and remanded in part by unpublished per curiam opinion.

---

**COUNSEL**

Jerry Jefferson Sexton, Appellant Pro Se. Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jerry J. Sexton seeks to appeal the district court's order denying
relief on his motion filed under 28 U.S.C. § 2255 (2000). Sexton
raised four claims in his original § 2255 motion, two Fourth Amend-
ment claims; one claim related to failure of the prosecution to disclose
evidence favorable to the defendant; and one claim related to the
denial of the effective assistance of counsel. After filing the § 2255
motion, Sexton filed a pleading regarding allegedly "new evidence"
about the credibility of a trial witness, his Fourth Amendment claims,
and a list of "Additional Issues Relating Back to Original Proceed-
ing," none of which relied on any of the allegedly new evidence.

The district court, sua sponte, determined that Sexton's claims
were barred by the one-year limitations period set forth in 28 U.S.C.
§ 2244(d) (2000), and dismissed the action without giving Sexton
notice or an opportunity to respond. It also held that even if the
motion was timely, Sexton was not entitled to relief on the merits on
the Fourth Amendment claims and the claim regarding allegedly "new
evidence" about the credibility of a trial witness. We have reviewed
the record and conclude that Sexton has not made a substantial show-
ing of the denial of a constitutional right as to these claims. Accord-
ingly, we deny a certificate of appealability and dismiss the appeal as
to the Fourth Amendment claims and the claims regarding allegedly
"new evidence" about the credibility of a trial witness.

On the remaining claims, under *Hill v. Braxton*, 277 F.3d 701, 707
(4th Cir. 2002), which was decided after the district court's decision
in this case, a district court, before sua sponte dismissing a § 2255
motion as untimely, must provide the movant with an opportunity to
respond "unless it is indisputably clear from the materials presented
to the district court that the petition is untimely and cannot be sal-
vaged by equitable tolling principles or any of the circumstances enu-

merated in [the applicable statute]." Accordingly, as to Sexton's claim related to the failure of the prosecution to disclose evidence favorable to the defendant, his claim of denial of the effective assistance of counsel, and any "Additional Issues" which relate back to these claims, *see United States v. Pittman*, 209 F.3d 314, 317-18 (4th Cir. 2000), we grant a certificate of appealability, vacate the district court's order, and remand to the district court to provide Sexton with the notice and opportunity to respond to which he is now entitled pursuant to *Hill*. We deny Sexton's motions for discovery and general relief and deny his motion to place this case in abeyance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART, AND VACATED AND*
*REMANDED IN PART*