**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-1887**

_____

TEKSYSTEMS, INCORPORATED,

        Plaintiff - Appellee,

    v.

ASAD KHAN,

        Defendant - Appellant,

     and

RK TEKSYSTEMS, INCORPORATED; REGISTER.COM, INCORPORATED,

        Defendants,

LUBNA KHAN,

        Party-in-Interest.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:06-cv-01220-GBL)

_____

Submitted:  March 11, 2008       Decided:  April 15, 2008

_____

Before TRAXLER, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Asad Khan, Appellant Pro Se. W. Damon Dennis, SAUL EWING, LLP, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Asad Khan appeals the district court's order adopting the magistrate judge's report and recommendation, entering judgment in favor of Teksystems, Inc., awarding Teksystems $1,800,000 in damages, and denying the defendants leave to file an amended answer. Kahn argues he was denied due process of law and that the district court erred by not allowing him to amend his answer. He claims the district court denied him due process of law by not providing sufficient notice of the hearings. He blames the clerk of court for sending hearing notices to an invalid address even though he noted his correct address in his answer to the complaint, and states the hearing notices addressed to RK Teksystems were not sufficient notice to him.

The Fifth Amendment prohibits the United States from depriving any person of property without due process of law. Dusenbery v. United States, 534 U.S. 161, 167 (2002). Due process requires that individuals with property interests at stake be given notice and the opportunity to be heard. Id. Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The notice must be of a nature as to "reasonably convey the required information." Id. In other words, the method of notice "'must be such as one desirous

of actually informing the absentee might reasonably adopt to accomplish it.'" Jones v. Flowers, 547 U.S. 220, 229 (2006) (quoting Mullane, 339 U.S. at 315).

Khan's summons was issued to him at 7420 Alban Station Boulevard. The summons for RK Teksystems was issued to Lubna Khan, Khan's wife, as the company's registered agent, at 7111 Tanworth Drive. The temporary restraining order and preliminary injunction order set the time and date for the final hearing in the case. Khan testified that he received a copy of the temporary restraining order some time in November 2006. Khan responded pro se with a letter to the district court. The letter listed his address as 7111 Tanworth Drive.

Neither RK Teksystems nor Khan appeared at the hearing. The district court issued a permanent restraining order and order for injunctive relief and referred the issue of damages to a magistrate judge. The affidavit of a personal process server stated she personally served Kahn with a copy of the permanent restraining order at 7111 Tanworth Drive by serving his wife, Lubna Khan.

Teksystems submitted evidence on the issue of damages. Neither RK Teksystems nor Khan appeared at the hearing on damages. The magistrate judge recommended an award of $1,800,000. The docket report reflects that the magistrate judge's report and

- 4 -

recommendation mailed to Khan was returned as undeliverable on March 5, 2007.

Teksystems and the district court sent documents both to Khan individually, as the alleged operator of RK Teksystems, at the Alban Station address, and to RK Teksystems, care of Khan's wife, at 7111 Tanworth Drive. Although Khan no longer used the Alban Station address, the court did not receive notice of this fact until March 5, 2007, approximately five months after the case began, when a mailing was returned as undeliverable. Khan did in fact receive the complaint delivered to 7111 Tanworth Drive and filed an answer with the district court. His answer listed his address as 7111 Tanworth Drive, but did not inform the court or Teksystems that the Alban Station address was no longer valid.

The method the district court used to notify Khan of its orders and upcoming hearings was reasonably calculated to reach Khan. Particularly since Khan responded to the complaint and did not indicate any problem with the method of service or addresses, the district court and magistrate judge acted reasonably in continuing the same method of notification as used for the complaint.

As for Kahn's argument that the district court erred by refusing to grant leave to amend his answer, the denial of a motion to amend a pleading is reviewed for abuse of discretion. United States v. Pittman, 209 F.3d 314, 316 (4th Cir. 2000). An abuse of

the district court's discretion occurs when the court fails or refuses to exercise its discretion, or when the district court's exercise of discretion is flawed by an erroneous legal or factual premise.  See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

Regarding pleadings to which no responsive pleading is permitted, Rule 15(a) of the Federal Rules of Civil Procedure provides that if "the action has not been placed upon the trial calendar, the party may . . . amend [as a matter of course] at any time within 20 days after it is served."  Otherwise, a party may only amend the pleading "by leave of court or by written consent of the adverse party."  Fed. R. Civ. P. 15(a).  Rule 15(a) leave to amend shall be given freely absent any apparent reason, such as bad faith, undue prejudice to the opposing party, or futility of amendment.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).  The district court concluded that any amendment of Khan's answer would be futile because Khan did not file his motion until after the district court issued an injunction, a permanent restraining order, and referred the case to the magistrate judge on the issue of damages.

Khan did not seek leave to file an amended answer until approximately five months after the district court issued a temporary restraining order, and Khan filed his initial answer four months after the district court issued a permanent restraining

order, and over one month after the magistrate judge completed his report and recommendation. The district court correctly found that allowing Khan to amend his answer at that point in time would have been futile.

For these reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. Similarly, we deny Khan's motion to file a formal brief because Khan's arguments are fully set forth in his informal brief and further briefing would not be of additional assistance.

AFFIRMED