June EVERETT, Personal Representative of Sandra M. Kenley (deceased) and Administrator of her Estate, Plaintiff,

v.

Roy CHERRY, et al., Defendants.

Civil No. 2:08cv622.

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 20, 2009.

Adele Kimmel, Amy Radon, Public Justice P.C., Washington, DC, Bernard Joseph Dimuro, Hillary Jane Collyer, Dimuro Ginsberg & Mook PC, Alexandria, VA, for Plaintiff.

### MEMORANDUM ORDER

REBECCA BEACH SMITH, District Judge.

Pending before the court is the Plaintiff's Rule 72(a) Objection to Magistrate Judge Miller's Order Denying Plaintiff

Leave to Amend Complaint ("Plaintiff's Objection"). For the reasons stated below, the court **OVERRULES** the Plaintiff's Objection and AFFIRMS the order of the magistrate judge.

## I. Procedural History

This case was originally filed in state court on December 14, 2007, and then removed to this federal court on December 29, 2008.[1] The Complaint alleges that the various defendants were responsible for Sandra M. Kenley ("Kenley") having received inadequate medical care while incarcerated at the Pamunkey Regional Jail ("PRJ") and the Hampton Roads Regional Jail ("HRRJ") in November and December, 2005, resulting in Kenley's death on December 18, 2005. Accordingly, the Complaint alleges a wrongful death cause of action, pursuant to Va.Code § 8.01–244, and a cause of action for violation of Kenley's rights under the Eighth and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. § 1983.

On July 24, 2009, the Plaintiff filed a Motion for Leave to File an Amended Complaint ("Motion to Amend"), seeking to add Prison Health Services ("PHS") as a defendant. The proposed amended complaint alleges that PHS provided Kenley inadequate medical treatment while she was housed in HRRJ. (*See* Pl.'s Memo. Supp. Mot. to Amend at 5.) The court heard argument on the Motion to Amend, as well as other motions, on August 20, 2009 ("Motion Hearing"). During that hearing,[2] Magistrate Judge Miller denied the Plaintiff's Motion to Amend, (*see* Mot. Hr'g Tr. at 19–24), and issued a written order to that effect on August 24, 2009 ("August 24 Order"). On September 3, 2009, the Plaintiff timely objected to the August 24 Order.[3]

## II. Discussion

The court will not disturb a magistrate judge's ruling on non-dispositive pre-trial matters, unless the ruling was "clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).[4] Aside

---

1. The Defendants named in the original lawsuit were not served until December 10 and 11, 2008, almost a year after the action was filed.

2. PHS, through counsel, appeared as a non-party intervenor in this matter to oppose being added as a party defendant at this late date. However, counsel for Defendants Cherry and Simons filed the response in opposition to the Motion to Amend, and argued in opposition to the Motion to Amend at the Motion Hearing.

3. The Plaintiff then submitted agreed orders to the court which dismissed with prejudice her claims against all of the named Defendants in this case, and awaits the courts ruling on her instant objection to determine whether her case will proceed against PHS. (*See* Docket # 67 and 69.)

4. The court rejects the Plaintiff's contention that the August 24 Order constitutes a dispositive motion, subject to *de novo* review, pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal

Rule of Civil Procedure 72(b). *But see infra* note 5. Section 636(b)(1) enumerates those pre-trial matters that, if referred to a magistrate judge, must be reviewed *de novo* by a district judge upon objection. *See* 28 U.S.C. § 636(b)(1)(A)-(C). The court will not make the unprincipled decision to rewrite the statute, adding "motions to amend" to those pre-trial matters, for that is the province of Congress. *See, e.g., Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590 (7th Cir.2006) (holding that a magistrate judge's denial of motion to amend to add a party was a non-dispositive motion, subject only to review for clear error).

Further, the August 24 Order did not *dispose of* a claim or defense because no claim existed against PHS, and, thus, the August 24 Order is reviewed as a non-dispositive motion, pursuant to Rule 72(a). *See, e.g., Belton v. Dodson Bros. Exterminating Co., Inc.*, No. 1:09CV106, 2009 WL 3200035 (M.D.N.C. Sept. 30, 2009)(treating a motion to amend as a non-dispositive motion, in accordance with

from the conclusory assertion that Magistrate Judge Miller's denial "was clearly erroneous and contrary to law," (*see* Pl.'s Memo. Supp. Pl.'s Objection at 10), the Plaintiff's Objection does not meet that standard. Nevertheless, in reviewing the record of this case, the court finds no instance where the reasons stated by the magistrate judge for denying the Motion to Amend, (*see* Mot. Hr'g Tr. at 19–21), were clearly erroneous or contrary to the law.[5]

In the case at bar, the two-year statute of limitations has long expired as to PHS, the defendant the Plaintiff seeks to add. As indicated above, the events giving rise to this cause of action occurred from on or about November 2, 2005, to December 18, 2005. Therefore, this cause of action needed to be filed against PHS on or before December 18, 2007, as Virginia law assigns a two-year statute of limitations to personal injury and wrongful death causes of action. *See* Va.Code §§ 8.01–243, 8.01–244.[6] In light of the fact that the Plaintiff failed to file a cause of action against PHS during that time period, in order to amend the Complaint and add PHS as a party defendant, the cause of action against PHS must relate back to the original filing of this lawsuit. *See generally United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (holding that a court properly denies

leave to amend a complaint, if the statute of limitations has run and the amended complaint does not relate back to the filing of the initial complaint).

Federal Rule of Civil Procedure 15(c)(1) sets the parameters for when amendments to a pleading relate back to the date the original pleading was filed. If "the amendment changes the party or the naming of the party against whom a claim is asserted," as is the case here, the amended complaint will not relate back, unless, within 120 days of service of process of the original complaint, the party to be added "received such notice of the action that it will not be prejudiced in defending on the merits" *and* "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed.R.Civ.P. 15(c)(1)(C); *see Goodman v. Praxair, Inc.*, 494 F.3d 458 (4th Cir.2007). These requirements are not met here.

In this case, PHS did not receive notice of the original complaint such that it will not be prejudiced in maintaining a defense. In the first three and a half years following Kenley's death, the Plaintiff, at no point, served PHS with any notice of a potential cause of action against PHS.[7] The Plaintiff's failure, in this regard, is inexcusable considering that prior to filing its

---

Rule 72(a)); *Young v. James*, 168 F.R.D. 24, 26(E.D.Va.1996)(considering a motion to amend a nondispositive pretrial motion, subject to Rule 72(a) standard of review); *but see Cuenca v. University of Kansas*, 205 F.Supp.2d 1226, 1228 (D.Kan.2002)(finding that a magistrate judge's decision to not allow leave to amend is 'dispositive' with respect to those *"potential claims and parties."*)(emphasis added).

5. Moreover, in so reviewing the record, the court concludes that it would make a *de novo* ruling denying the Motion to Amend, if called upon to do so, for the reasons set forth below. *See supra* note 4.

6. Federal courts apply the most analogous state law statute of limitations in suits under 42 U.S.C. § 1983. *See, e.g., National Advert. Co. v. Raleigh*, 947 F.2d 1158, 1161 (4th Cir. 1991). Accordingly, this two-year statute of limitations also applies to the Plaintiff's § 1983 claim.

7. The Plaintiff has been represented by counsel since February 5, 2009, after having been ordered by this court on January 7, 2009, to obtain counsel within thirty (30) days. (*See* Docket # 8.)

cause of action, the Plaintiff possessed Kenley's medical records, which made explicit reference to PHS. A cursory investigation by the Plaintiff would have revealed the need to name PHS in the suit, together with the other Defendants. Nevertheless, the *only* "notice" that PHS ever received of the Plaintiff's action, prior to the motion to add it as a party defendant, was a newspaper article that Thomas Smith, PHS' Professional Liability Litigation Manager, read in *The Virginian–Pilot* in January 2008—more than two years after Kenley's death. First, this article was published outside of the two-year statute of limitations period. Second, the article did not make "conceptually clear" that PHS should have been named in the suit. *See Goodman,* 494 F.3d at 473. To the contrary, that article referred to a cause of action against jail officials in their individual capacities for inadequate medical care, not medical malpractice or medical negligence on the part of medical providers at the jail, which may have implicated PHS. (*See* Docket # 38, Ex. C.) No case in this circuit has held that such flimsy "notice" suffices under Rule 15, and from these facts, the court finds that PHS did not know, nor should it have known, that it was the intended target of the Plaintiff's cause of action.

Additionally, PHS would certainly be prejudiced at this point, if forced to defend the Plaintiff's cause of action on the merits. PHS no longer has a contract with the HRRJ, no longer employs many of the persons involved in Kenley's medical treatment, and no longer maintains many of the medical records that were kept in the jail. As a result, it would be extremely prejudicial to require PHS to defend this suit on the merits, considering its decreased ability to do a thorough investigation of the underlying facts and records in this case, and its inability to have previously performed a thorough investigation, for lack of notice.

### III. Conclusion

For the reasons stated above, the Plaintiff's Objection is **OVERRULED** and Magistrate Judge Miller's Order Denying Plaintiff Leave to Amend the Complaint to add PHS as a party defendant is **AFFIRMED.** The court **DIRECTS** the Clerk to send a copy of this Memorandum Order to counsel for the Plaintiff, to counsel for the named Defendants who have been dismissed, and to counsel for PHS.

**IT IS SO ORDERED.**