**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-7000**

ROBERT REYNOLDS,

                    Plaintiff – Appellant,

          v.

JOHN AND JANE DOE, One through Six, Northern Neck Regional
Jail; MS. CLARKE, Northern Neck Regional Jail; NORTHERN
NECK REGIONAL JAIL AUTHORITY; JEFFREY FRAZIER; MAJOR HULL,

                    Defendants – Appellees,

          and

COMMONWEALTH OF VIRGINIA,

                    Defendant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (3:07-cv-00700-RLW)

Submitted:  April 28, 2011            Decided:  May 24, 2011

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Daniel A. Harvill, DANIEL A. HARVILL, PLLC, Manassas, Virginia, for Appellant. Alexander Francuzenko, COOK, KITTS & FRANCUZENKO, PLLC, Fairfax, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Reynolds seeks to appeal the district court's orders granting summary judgment to Defendants in Reynolds' 42 U.S.C. § 1983 (2006) action and permitting Defendants to amend their answers. Reynolds argues that the district court erred in permitting Defendants to amend their answers to add the defense of failure to exhaust administrative remedies and in finding that he had not exhausted his remedies. Finding no error, we affirm.

We review de novo a district court's award of summary judgment, viewing the facts and inferences reasonably drawn therefrom in the light most favorable to the nonmoving party. See FOP Lodge No. 89 v. Prince George's Cnty., 608 F.3d 183, 188 (4th Cir. 2010). Summary judgment is appropriate only if the record shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

After reviewing the entire record, we conclude that the district court did not abuse its discretion in granting the Defendants' motion to amend their answers. See United States v. Pittman, 209 F.3d 314, 316 (4th Cir. 2000) (providing standard). Further, the court did not err in concluding that Reynolds had not properly exhausted his administrative remedies. A prisoner must properly exhaust available administrative remedies prior to

3

filing a § 1983 action concerning prison conditions. 42 U.S.C. § 1997e(a) (2006); Woodford v. Ngo, 548 U.S. 81, 84 (2006) (requiring "proper" exhaustion of administrative remedies prior to prisoner § 1983 actions); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (discussing "availability" of remedies). "[T]he PLRA's exhaustion requirement is mandatory," Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of administrative remedies is mandatory, even where the inmate claims that exhaustion would be futile. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

We therefore affirm the orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED