**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-7135**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

MAJOR RAY BROWN,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.   (5:12-cr-00143-D-1; 5:13-cv-00801-D)

_____

Submitted:  December 19, 2014         Decided:  January 13, 2015

_____

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Major Ray Brown, Appellant Pro Se.  Shailika S. Kotiya, Tobin Webb Lathan, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Major Ray Brown seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion and failing to consider a new claim raised in his supplemental pleading. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

Brown complains that the district court failed to address the claim of actual innocence raised in his supplemental pleading. Brown did not style the supplemental pleading as a motion to amend, nor did the pleading seek leave of the court to

2

amend.  We find that any error by the district court in failing to construe the document as a motion to amend was harmless.

Because the Rules Governing Section 2255 Proceedings provide no procedure for amending a § 2255 motion, we apply Rule 15 of the Federal Rules of Civil Procedure in assessing a movant's effort to amend.  See Rule 12, Rules Governing Section 2255 Proceedings (providing district courts may apply Federal Rules of Civil Procedure); see also United States v. Pittman, 209 F.3d 314, 316-17 (4th Cir. 2000) (applying former Rule 15 to § 2255 proceeding).  "A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or . . . a motion under [Fed. R. Civ. P.] 12(b)."  Fed. R. Civ. P. 15(a)(1)(B).  After this time expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which should be given freely "when justice so requires."  Fed. R. Civ. P. 15(a)(2). However, leave to amend may be denied when the amendment would be futile, such as when the proposed claim would be time-barred. Pittman, 209 F.3d at 317.

Brown's new claim was filed more than one year after his conviction became final.  See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (holding judgment becomes final upon entry of judgment of conviction when no appeal is taken); cf. Clay v. United States, 537 U.S. 522, 532 (2003) ("[F]or

3

federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Because the actual innocence claim does not arise from the "conduct, transaction, or occurrence" in the original pleading, it does not relate back to the date of the original pleading. Fed. R. Civ. P. 15(c)(1)(B); Pittman, 209 F.3d at 318 (holding new claim must be of same "time and type" as original claims). Accordingly, any error by the district court in failing to interpret Brown's supplemental pleading as a motion to amend was harmless, as a motion would have been denied under Rule 15(c).

Brown next contends that he was entitled to an evidentiary hearing on his claims of ineffective assistance of counsel. Brown bears the burden of showing that (1) counsel's performance was constitutionally deficient and (2) the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88, 691-92 (1984). To satisfy the first Strickland prong, Brown must demonstrate that counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms." Id. at 688. To establish prejudice in the context of a guilty plea, Brown must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill

4

v. Lockhart, 474 U.S. 52, 59 (1985). Moreover, Brown "must convince the court that such a decision would have been rational under the circumstances." United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012).

Accepting as true Brown's claim that counsel advised him that he would be held accountable at sentencing for only 1.9 grams of crack cocaine, Brown cannot establish that, absent counsel's representations, he would have chosen to proceed to trial. At the Fed. R. Crim. P. 11 hearing, the district court advised Brown that his drug conviction carried a maximum possible penalty of twenty years' imprisonment; that any estimate of Brown's sentence by defense counsel was not binding on the court; and that Brown would be unable to withdraw his guilty plea even if the court imposed the maximum sentence. Brown, testifying under oath, acknowledged his understanding of the court's admonitions, denied that anyone had made any promises to him regarding his sentence, and proceeded to enter his plea of guilty. Absent compelling evidence to the contrary, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

As reasonable jurists would not find that the district court's assessment of the constitutional claims is debatable or wrong, we deny a certificate of appealability and dismiss the

5

appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED