**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6670**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DESHAWN ANDERSON, a/k/a Buddha; MARVIN WAYNE WILLIAMS, JR.,
a/k/a Lil Wayne,

    Defendants - Appellants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. James C. Cacheris, Senior
District Judge. (1:09-cr-00414-JCC-2; 1:14-cv-00364-JCC; 1:09-
cr-00414-JCC-3; 1:14-cv-00060-JCC)

Submitted: September 30, 2015  Decided: December 29, 2015

Before MOTZ, DIAZ, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Deshawn Anderson, Marvin Wayne Williams, Jr., Appellants Pro Se.
Michael Phillip Ben'Ary, Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deshawn Anderson and Marvin Wayne Williams, Jr., (Appellants) seek to appeal the district court's orders denying relief on their 28 U.S.C. § 2255 (2012) motions. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

Appellants complain that the district court denied their postjudgment motion to amend their action to include a claim pursuant to Miller v. Alabama, 132 S. Ct. 2455 (2012). The Miller claim was raised more than one year after Appellants' convictions became final. See United States v. Segers, 271 F.3d

2

181, 186 (4th Cir. 2001) (conviction becomes final once Supreme Court denies petition for certiorari).  As the <u>Miller</u> claim does not arise from the same "conduct, transaction, or occurrence" in the original pleading, it does not relate back to the date of the original pleading.  Fed. R. Civ. P. 15(c)(1)(B); <u>United States v. Pittman</u>, 209 F.3d 314, 318 (4th Cir. 2000) (holding new claim must be of same "time and type" as original claims). Because leave to amend may be denied when the proposed claim would be time-barred, <u>Pittman</u>, 209 F.3d at 317, we conclude that any error by the district court was harmless, as the motion would have been denied under Rule 15(c).[*]

We have independently reviewed the records and conclude that Appellants have not made the requisite showing for the issuance of a certificate of appealability.  Accordingly, we deny a certificate of appealability and dismiss the appeal.  We dispense with oral arguments because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[*] This Court has held that the rule in <u>Miller</u> is not retroactively applicable to cases on collateral review. <u>Johnson v. Ponton</u>, 780 F.3d 219, 224-26 (4th Cir. 2015).  Thus, the delayed commencement date for the statute of limitations in § 2255(f)(3) is not applicable.