**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 16-1101**

―――――――

CHRISTOPHER J. COVEY; LELA G. COVEY,

    Plaintiffs - Appellants,

  v.

ASSESSOR OF OHIO COUNTY; KATHIE HOFFMAN, Head Assessor; ROY
CREWS, Field Deputy; UNKNOWN ASSESSOR; OHIO COUNTY SHERIFF;
PATRICK BUTLER, Sheriff; ALEX ESPEJO, Corporal; RON WHITE,
Deputy; NELSON CROFT, Lieutenant; NICHOLE SEIFERT, Officer;
HNK, Unknown Officer; DLG, Unknown Officer; DEPARTMENT OF
JUSTICE; OHIO VALLEY DRUG TASK FORCE; OHIO COUNTY ANIMAL
SHELTER; DOUG MCCROSKY, Supervisor; UNKNOWN DOG WARDENS (2);
UNITED STATES OF AMERICA; ROBERT L. MANCHAS, S.A.,

    Defendants - Appellees.

―――――――

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling.  Frederick P. Stamp,
Jr., Senior District Judge.  (5:11-cv-00147-FPS-JES)

―――――――

Submitted:  August 31, 2016   Decided:  November 21, 2016

―――――――

Before GREGORY, Chief Judge, and FLOYD and THACKER, Circuit
Judges.

―――――――

Affirmed by unpublished per curiam opinion.

―――――――

Christopher J. Covey, Lela G. Covey, Appellants Pro Se.  Thomas
E. Buck, Bruce M. Clark, Jr., BAILEY & WYANT, PLLC, Wheeling,
West Virginia; Edward Himmelfarb, Mark B. Stern, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C.; Betsy C. Jividen, Erin

Carter Tison, Assistant United States Attorneys, Wheeling, West Virginia; Lee Murray Hall, Sara A. Walling, JENKINS FENSTERMAKER, PLLC, Huntington, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher J. Covey and Lela G. Covey appeal the district court's order granting summary judgment to Defendants on their claims under 42 U.S.C. § 1983 (2012), and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). On the Coveys' appeal of the district court's dismissal of their claims under Fed. R. Civ. P. 12(b)(6), we reversed and remanded to the district court. Covey v. Assessor of Ohio Cty., 777 F.3d 186 (4th Cir. 2015). We concluded that "the Coveys have sufficiently pleaded under § 1983 and Bivens that [Defendants] Crews, Corporal Espejo, and Special Agent Manchas violated clearly established law under the Fourth Amendment." Id. at 198. On remand, the parties engaged in discovery and filed motions for summary judgment. The district court granted summary judgment to Defendants, and the Coveys timely appealed.

On appeal, the Coveys first argue that the district court erred in denying their motion for default judgment because the Defendants failed to file answers to their complaint until several months after our remand. However, the district court extended the deadline for Defendants to file their answers, to which the Coveys did not object. Nor do the Coveys assert on appeal any error in the extension of time granted by the district court. Moreover, the Defendants had filed motions to dismiss and otherwise vigorously litigated the case after remand

3

and filed their answers within the deadline established by the district court. Accordingly, we conclude that the district court correctly denied the Coveys' motion for default.

The Coveys next challenge the district court's finding that their only surviving claims were their § 1983 claims against Hoffman, Crews, the unnamed assessor, and Espejo, and their Bivens claim against Manchas, arguing that all of their claims survived the first appeal. "[T]he mandate rule forecloses litigation of issues foregone on appeal." United States v. Pileggi, 703 F.3d 675, 679 (4th Cir. 2013) (internal quotation marks, emphasis, and ellipsis omitted). Under this rule, "any issue that could have been but was not raised on appeal is waived and thus not remanded." Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007) (internal quotation marks omitted). It is well-established that a party's failure to raise a claim in the opening brief "triggers abandonment of that claim on appeal." Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999). This Court reviews the district court's interpretation of the mandate de novo. Pileggi, 703 F.3d at 679.

In Appellants' first appeal, their counseled brief argued that Espejo, Manchas, and the data collector who visited them violated the Fourth Amendment; Appellants expressly abandoned their claims regarding the events that followed the issuance of a search warrant. Upon review of the Coveys' filings in their

4

first appeal, we conclude that the district court correctly ascertained this Court's mandate, and limited the Coveys' claims accordingly.

Appellants next argue that the district court erred by denying their request to amend their complaint to add two named assessors. The district court denied leave to amend as futile because the proposed amendment did not relate back to the filing of the original complaint and would therefore be barred by the statute of limitations. Because the Coveys did not make their request to amend the complaint until well after Appellees served their motions to dismiss, this amendment was permissible "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Accordingly, "[a] district court's denial of leave to amend is appropriate when (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith on the part of the moving party; or (3) the amendment would have been futile." Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014).

"Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). "When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of

5

amendments to the original pleading under certain circumstances." Id. As relevant here, Rule 15(c)(1) requires that the party to be added to the action received timely notice of the action and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). "The question is not whether the amending party knew or should have known the identity of the proper defendant, but whether the potential defendant knew or should have known that it would have been named as a defendant but for an error." Wilkins v. Montgomery, 751 F.3d 214, 224 (4th Cir. 2015) (quoting Krupski v. Costa Crociere, 560 U.S. 538, 548 (2010)) (brackets, ellipses, and internal quotation marks omitted). Although the statute of limitations is an affirmative defense that must be established by the defendant, Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007), when relation back is required to satisfy the statute of limitations, the burden is on the plaintiff to prove that Rule 15(c) is satisfied. W. Contracting Corp. v. Bechtel Corp., 885 F.2d 1196, 1200 (4th Cir. 1989).

"Generally, we review a district court's denial of a motion for leave to amend for abuse of discretion. But where, as here, the district court denied such a motion on grounds of futility, we employ the same standard that would apply to our review of a motion to dismiss." United States ex rel. Ahumada v. NISH, 756

6

F.3d 268, 274 (4th Cir. 2014) (citation omitted). The record indicates that Appellants timely served the Assessor's office, Hoffman, and Crews with a complaint that alleged facts that plainly indicated that Appellants would have named the two assessors as defendants had they known that the assessors were the data collectors who visited their house on October 21, 2009. Thus, if the assessors were made aware of the contents of the complaint against their employer and supervisors, they would have known that they would have been named as defendants but for an error, and the claims against them would relate back to the filing of the original complaint. However, there is no evidence indicating when the assessors learned of the contents of the complaint, and the affidavit of one of the assessors, which was not written until December 17, 2015, is silent on this issue. Because Appellants failed to show that the assessors they sought to add as defendants had timely notice of the suit, as required by Rule 15(c), we affirm the district court's denial of their request to amend.

Finally, the Coveys argue that the district court erred by granting summary judgment to Hoffman, Crews, Espejo, and Manchas. We review a district court's order granting summary judgment de novo. <u>Harris v. Norfolk S. Ry. Co.</u>, 784 F.3d 954, 962 (4th Cir. 2015). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is

7

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, this Court "view[s] the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 565 n.1 (4th Cir. 2015) (internal quotation marks omitted).

The Coveys challenge several of the district court's findings related to the assessors' visit, and argue that the assessors should reasonably have known not to approach their house because a state statute provides that assessors are not to enter property marked with "No Trespassing" signs, and that the assessors conducted an unreasonable search of the curtilage of their home. Appellees respond that these issues are irrelevant because the district court granted summary judgment to Hoffman and Crews based on the undisputed fact that they were not present for this visit. Because there is no evidence that Hoffman and Crews were involved in the challenged search, we affirm summary judgment for Hoffman and Crews.

The Coveys also challenge the district court's finding that Espejo and Manchas did not conduct an illegal search. They primarily argue that the district court's finding that Espejo and Manchas saw Mr. Covey on the back patio before they exited their vehicle fails to construe the facts in the light most

8

favorable to them. Our review of the record, particularly the photographs produced in discovery that clearly show that the patio was visible from the driveway, lead us to conclude that there is no genuine dispute that the officers could see the patio as they approached the house. Both officers attested that they saw Mr. Covey at the patio as they drove up the driveway. Mr. Covey's testimony that this was not possible because he would have heard the vehicle approaching if he had been outside at the time was speculative, as he acknowledged that he walked in and out of the patio door frequently during the relevant time period. His testimony does not create a dispute of material fact on this point. Thus, while the exact point at which the officers saw Mr. Covey is disputed, there is no evidence that they did not see him prior to stepping off of the driveway and approaching the patio.

Appellants next argue that Espejo and Manchas conducted an improper curtilage search after detaining Mr. Covey when they approached the back patio to inspect the marijuana and look into the basement to verify that the Coveys' pet raccoon was caged. The district court did not address this issue beyond noting in its factual findings that Espejo and Manchas saw and smelled the marijuana when they exited their vehicle. We conclude that this argument is without merit. In our earlier consideration of this case, we recognized that "[i]f the officers first saw Mr. Covey

9

from a non-curtilage area, they may well prevail under the knock-and-talk exception at summary judgment." Covey, 777 F.3d at 193. Appellants do not dispute that Manchas and Espejo smelled marijuana and saw it on the patio workbench when they exited their vehicle and walked toward Mr. Covey. Unlike the situation in Florida v. Jardines, 133 S. Ct. 1409 (2013), the officers did not introduce any detection equipment into the curtilage, but identified contraband using only their own senses. The odor of marijuana provided probable cause to believe that marijuana was present, and justified a search of the curtilage. United States v. Lewis, 606 F.3d 193, 198 (4th Cir. 2010); United States v. Humphries, 372 F.3d 653, 658 (4th Cir. 2004) ("We have repeatedly held that the odor of marijuana alone can provide probable cause to believe that marijuana is present in a particular place."). Moreover, Manchas' brief look into the basement to verify that the Coveys' pet raccoon was in fact caged was a legitimate, limited search for officer safety purposes, and did not offend the Fourth Amendment. See Maryland v. Buie, 494 U.S. 325, 336-37 (1990) (permitting a limited protective sweep supported by a reasonable belief, based on specific and articulable facts, that the area to be swept harbors an individual posing a danger to the officers); United States v. Jones, 667 F.3d 477, 484 (4th Cir. 2012) ("The linchpin of the protective sweep analysis is not the threat

10

posed by the arrestee, but the safety threat posed by the house, or more properly by unseen third parties in the house." (internal quotation marks and brackets omitted)). We conclude that the district court correctly found that the officers did not violate the Coveys' Fourth Amendment rights.

We have considered the Coveys' remaining arguments and conclude that they are also without merit. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED
